CAPITOL REFRIGERATOR COMPANY, APPELLANT, v. EDWARD SCHMIDT, RESPONDENT.

Submitted May 3, 1938—Decided July 7, 1938.

Before Justices Trenchard, Parker and Perskie.

For the appellant, *Charles J. Falcey*.

For the respondent, *George McElroy* (*Julius R. Pollatschek,* of counsel).

Per Curiam.

The suit is in replevin, and arises out of a contract of conditional sale of certain personal property, especially a butcher's refrigerator which defendant below purchased of appellant, the price being $1,073 on which was credited $8 cash and $505 for old refrigerator traded in, the balance of $560 payable in cash. The respondent purchaser promptly complained that the new refrigerator did not function as expected and agreed, and tendered return subject to restoration of the old refrigerator, refusing any cash payment over the $8 originally paid until the alleged defects should be rectified. Negotiations proving ineffective, the appellant declared the contract in default, demanded the surrender of the property sold under the conditional sales agreement, and on refusal brought this suit. The defense was in substance that as the refrigerator was defective, the purchaser was relieved from making further payment until the defects were remedied, and consequently was not in default. The case was fully (and somewhat voluminously) tried, and the trial court found for the defendant. This is the principal error alleged.

Our examination of the case and briefs leads us to the conclusion that the decision of the District Court on the facts was fully supported by the evidence, and that the law was correctly applied. The second section of the Uniform Con-

ditional Sales act (*Pamph. L.* 1919, *p.* 461 (at *p.* 462) ; *Rev. Stat.* 1937, 46:32-8) provides that "the buyer shall have the right when not in default, to retain possession of the goods * * *. The seller shall be liable to the buyer for the breach of all promises and warranties, express or implied, made in the conditional sale contract * * *." If the sale had been an ordinary one, the goods delivered and part payment made, the seller would not be entitled to recover the balance of the price so long as any outstanding warranty remained unsatisfied, and where, as here, the seller claims a return for alleged default in payment, and the court finds that because of breach of warranty there is no default, the claim for a return should not prevail. 55 *C. J.* 1292, and cases cited.

This disposes of the substance of the appeal. Error is claimed in that over objection, defendant was allowed to testify to defects in the refrigerator. As this related to a fundamental ground of defense, the testimony was manifestly proper.

The judgment will be affirmed, with costs.